## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:04 MC 147 RWS |
| ) | |
| MARK GOLDBERG, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court pursuant to 18 U.S.C. § 3402 which provides that in all cases of conviction by a United States Magistrate Judge an appeal of right shall lie from the judgment of the Magistrate Judge to a Judge from the United States District Court of the District in which the offense was committed.

The Court has carefully and independently reviewed the full record of the case and makes the following findings of fact:

1.    Defendant Mark Defendant entered a plea of guilty to the charge of converting Social Security Disability payments to his own use when he was no longer qualified to receive such payments in violation of 18 U.S.C. § 641, a misdemeanor, in Case No. 4:02CR0416 MLM.

2.    On August 15, 2002, Defendant was released on a personal recognizance bond with standard conditions of bond and without any restriction on possession of a firearm, destructive device or other dangerous weapon.

3. On August 16, 2002, this Court modified the Defendant conditions to include the following: "refrain from possessing a firearm, destructive device, or other dangerous weapon." On August 27, 2002, this Court again modified the bond conditions of Defendant to include the following: "participate in a mental health counseling and/or treatment as directed by the United States Pretrial Service Agency."

4. Defendant was sentenced on November 1, 2002, to a term of probation of three (3) years, with the standard conditions of probation, as well a special condition that Defendant "refrain from the possession of firearms, ammunition, destructive devices, or other dangerous weapons during the term of supervision."

5. On March 31, 2003, Defendant executed a Search Waiver for his residence at the request of the United States Probation Office. As a result of that Search Waiver, the United States Probation Office seized 41 items related to firearms including, but not limited to, approximately 20,273 rounds of ammunition, (8) eight firearms, digital camera, parts and/or component parts for firearms and trigger assembly, plastic knife, miscellaneous firearms parts, wooden gun stocks, and collapsible baton. That same day, the United States Probation Office filed a Petition to Revoke Defendant's probation.

6. On April 2, 2003, the Probation Office filed a First Amended Petition to Revoke Probation specifically alleging that Defendant had in his possession "eight firearms, three bayonets, numerous gun parts, and approximately 20,373 rounds of ammunition." That same day, Defendant executed a Waiver of Preliminary Examination or Hearing relative to the revocation proceedings.

7. On April 8, 2003, United States Magistrate Medler ordered Defendant's detention to include a psychological examination by Dr. William Brown.

8. On April 11, 2003, United States Magistrate Medler entered an Order transferring "custody of the firearms and ammunition seized from Defendant's vehicle and residence" on March 31, 2003, to the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) "for safekeeping, analysis and examination of same."

9. On April 18, 2003, Defendant's probation was extended two (2) years, for an aggregate of five (5) years. Defendant's conditions of supervision previously imposed remained in tact, including his prohibition from having "firearms, ammunition, destructive devices or other dangerous weapon." In addition, the Court ordered other conditions, which included, submission to searches by the United States Probation Office, residence at a Community Corrections Center for 180 days, and continued treatment for his mental health illnesses of major depression and bi-polar disorder for which he was to continue treatment from Dr. William Brown. In August, 2003, Defendant was released from the Dismas House and obtained residence in St. Charles, Missouri.

10. In September, 2003, the Court Ordered the release of eight magazines to Defendant's counsel. These items had been previously seized by the United States Probation Office on March 31, 2003, and the release was Ordered to allow these items to be mailed to the individual who had previously paid Defendant monies for same on-line. Contemporaneous with the release of the eight magazines, the digital camera likewise seized on March 31, 2003, was released to Defendant's counsel. All other items seized from Defendant remain in the custody of either the United States Probation Office and/or ATF.

11. On December 26, 2003, Defendant filed his Motion to Modify Terms of Probation and Return of Seized Property. The Government responded to said Motion and on March 19, 2004, a hearing on Defendant's Motion was held before United States Magistrate Medler. Contemporaneous with the hearing on March 19, 2004, the Government filed the Affidavit of Special Agent Franzi which posited that Defendant had been an active participant in gun shows in the St. Louis area between November, 2001 and April, 2003, and was believed to be engaged in the dealing of firearms.

12. On March 25, 2004, the Court issued its Order finding that (i) the possession by Defendant of firearms, ammunition and other items seized on March 31, 2004, violated a condition of Defendant's probation, (ii) Defendant's continued need for mental health counseling make return of the items an unnecessary risk to the community, to the probation office and Defendant himself, (iii) Defendant was engaged as a licensed dealer in firearms; and (iv) the Defendant was attempting to circumvent the agreement which he had previously made at the time of his revocation hearing which extended his term of probation an additional two (2) years. Further, the Court ordered that "firearms, ammunition and other items seized on March 31, 2003, be retained by the Probation Office and returned to the Defendant at his successful completion of probation." The Court's Order did not address the disposition of the property in the custody of Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF).

Accordingly, after a de novo review,

**IT IS HEREBY ORDERED** that Defendant's appeal is granted in part and denied in part, as follows:

1. Defendant's request to Modify the Terms of Probation be and is hereby **DENIED**;

2. That Defendant request for return of other firearms and destructive devices shall be **GRANTED IN PART** and **DENIED IN PART** as follows: Defendant shall have and recover the following items of personal property seized by the United States Probation Office on March 31, 2003, and itemized pursuant to that Inventory Sheet/Property Receipt, a true copy of which is attached hereto and incorporated herein by reference:

    A. All items listed in said **Item 13**; provided, that all the ammunition has been removed;

    B. All items listed in **Item 14,** provided, that all the ammunition has been removed;

    C. All items listed in **Item 15,** provided, that all the ammunition has been removed;

    D. All items listed in **Item 18;**

    E. All items listed in **Item 19**;

    F. Only those miscellaneous firearm parts and metal lubricant listed in **Item 20;**

    G. All items listed in **Item 21,** provided that all the ammunition has been removed**;**

    H. All items listed in **Item 27;**

    I. All items listed in **Item 28**;

    J. All items listed in **Item 29,** provided, however, that all the ammunition has been removed;

K. All items listed in **Item 30;**

L. All items listed in **Item 31;**

M. Only those items listed in **Item 35** to include the ammunition boxes, provided that all the ammunition has been removed, and miscellaneous firearm parts.

N. The only items to be returned in **Item 36** are the Red Det Scope and miscellaneous firearm parts;

O. All items listed in **Item 38** with the exception of the ammunition; and

P. All items listed in Item 39.

**IT IS FURTHER ORDERED** that all items not specifically set forth above as are listed on the Inventory Sheet/Property Receipt shall be delivered to the Bureau of Alcohol, Tobacco and Firearms and be destroyed.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2006.